**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY BROWN,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:14-0100** |
| **v.** | : | **(MANNION, J.)** |
| **CAROLYN W. COLVIN,** | : | |
| **Acting Commissioner** | | |
| **of Social Security,** | : | |

## MEMORANDUM

Pending before the court are: (1) the report of Magistrate Judge Gerald B. Cohn, which recommends that the court vacate the decision of the Commissioner in the above-captioned matter and remand the action for further proceedings, (Doc. 18), and (2) the Commissioner's partial objection thereto, (Doc. 19). Upon review of the entire record in this action, the court will adopt Judge Cohn's report, vacate the Commissioner's decision and remand the instant action for further proceedings.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa.

2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The factual background and procedural history of this case have been set forth in Judge Cohn's report and will not be repeated herein except as necessary to address the Commissioner's objections.

Disability determinations are evaluated using a five-step process. 20 C.F.R. §§404.1520, 416.920. Within this process, the plaintiff's residual functional capacity, ("RFC"), or that which an individual is still able to do despite the limitations caused by his impairments, must be determined. See Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000).

In this case, the administrative law judge, ("ALJ"), found that the plaintiff suffered from the medically determinable and severe impairments of degenerative disc disease with Schmorl's nodes[1] and pleural effusion of the lungs. The plaintiff's treating physician opined that these impairments, along with other diagnoses, caused the plaintiff disabling functional impairments. No other medical opinion regarding the plaintiff's RFC exists in the record.[2] In considering the plaintiff's disability claim, the ALJ rejected the plaintiff's treating physician's RFC medical opinion and, with no other medical opinion in the record, determined that the plaintiff was capable of performing less than the full range of light work activity as defined in 20 C.F.R. §416.967(b). Although the ALJ determined that the plaintiff's RFC rendered him incapable of performing his past relevant work activity, he concluded that there were

---

[1]Schmorl's disease is herniation of the nucleus pulposus through a cracked vertebral end plate into the vertebral body. The resulting bone necrosis is detectable on radiograph and is called Schmorl's nodes. Taber's Cyclopedic Medical Dictionary at 1850 (19th ed. 2001).

[2]The court notes that there is an opinion regarding the plaintiff's RFC by a single decision maker, ("SDM"), who is a non-examining, non-medical employee at the state agency level. (TR. 38). In addition to recommending that the instant action be remanded for the ALJ's impermissible lay interpretation of the medical evidence in relation to the plaintiff's RFC, Judge Cohn found that the ALJ impermissibly relied upon the SDM opinion. The Commissioner does not object to Judge Cohn's recommendation that the case be remanded on the basis that the ALJ erred by relying on the opinion of a SDM and, in this regard, agrees that this case should be remanded to the Commissioner for re-evaluation of the medical opinion evidence. (Doc. 19).

other positions in the local and national economies which the plaintiff could perform.

The plaintiff challenges the RFC assessment in light of the ALJ's rejection of his treating physician's medical opinion where no other medical opinion appears in the record regarding his RFC. In his report, Judge Cohn agrees and recommends that the Commissioner's decision be vacated as there is no medical evidence of record which suggests that the activity that the plaintiff could perform was consistent with the definition of light work activity set forth in the regulations and, therefore, the ALJ's determination was not supported by substantial evidence in the record. Judge Cohn determined that by rejecting the opinion of the plaintiff's treating physician with no other medical evidence in the record regarding the plaintiff's RFC, the ALJ impermissibly substituted his own judgment for that of a physician.

In response, the Commissioner argues that Judge Cohn's recommendation is based on an erroneous interpretation of the Commissioner's regulations and is inconsistent with the Third Circuit's interpretation of the Commissioner's regulations. Although the Third Circuit previously indicated that the ALJ must always base his RFC finding on a medical opinion from a physician, see Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986), the Commissioner argues that the Third Circuit has since clarified that

"although reliance on State consultants' reports and treating physicians' opinions is common and the ALJs are required to consider any existing state consultant reports, the regulations do not require ALJs to seek outside expert assistance", see Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 362 (3d Cir. 2011). Thus, consistent with the latter case law, the Commissioner argues that Doak does not prohibit an ALJ from making an RFC assessment even if no physician has specifically made findings and even if the only medical opinion in the record is to the contrary.

The issue raised by the Commissioner has recently been raised and addressed in another case in the Middle District. See Kester v. Colvin, 2015 WL 1932157 (M.D.Pa., April 21, 2015) (Brann, J.). As in that case, the court agrees with the Commissioner that the RFC assessment must be based on consideration of all of the evidence in the record, including the testimony of the claimant regarding his activities of daily living, medical records, lay evidence and evidence of pain. Id. at *2 (citing Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121-22 (3d Cir. 2002; 20 C.F.R. §404.1545(a)). The court further agrees that the ALJ has the sole responsibility for determining a claimant's RFC. See SSR 96-5P.

However, as has previously been found "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician

regarding the functional abilities of the claimant." Id. (citing Gormont v. Astrue, 2013 WL 791455 at *7 (M.D.Pa., Mar. 4, 2013) (Nealon, J.)). Moreover, as has been held on numerous occasions, an ALJ must not speculate as to a claimant's RFC and, as such, must support a RFC determination with medical evidence in the record. Kester, at *3 (string citations omitted). To this extent, the Third Circuit has upheld remand where the ALJ's RFC determination was not supported by the assessment of any physician in the record. Id. (citing Doak, supra)[3].

With respect to the instant action, the ALJ rejected the only medical assessment in the record addressing the plaintiff's RFC, i.e., that of his treating physician. Without any other medical evidence in the record

_____

[3]As noted in Kester, the Doak and Chandler decisions have been reconciled as follows:

> Any argument from the Commissioner that his administrative law judges can set the residual function capacity in the absence of medical opinion or evidence must be rejected in light of Doak. Furthermore, any statement in Chandler which conflicts (or arguably conflicts) with Doak is *dicta* and must be disregarded. Government of Virgin Islands v. Mills, 634 F.3d 746, 750 (3d Cir. 2011) (a three member panel of the Court of Appeals cannot set aside or overrule a precedential opinion of a prior three member panel).

See Gunder v. Astrue, 2012 WL 511936 (M.D.Pa., Feb. 15, 2012) (Conaboy, J.).

addressing the plaintiff's RFC, the ALJ determined that the plaintiff could perform less than the full range of light work activity. This determination was apparently based upon the ALJ's own assessment of the plaintiff's physical capabilities. The court agrees with Judge Cohn's conclusion that the ALJ improperly assessed the plaintiff's RFC and therefore finds that the ALJ's RFC determination is not supported by substantial evidence in the record.

In light of the above, the objections of the Commissioner will be overruled, the report of Judge Cohn will be adopted, the decision of the ALJ will be vacated and the instant action remanded for further proceedings. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  November 23, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0100-01.wpd

7